IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARY R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 4:25-cv-985-BN |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case filed under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (the "Commissioner") is proceeding before the undersigned United States magistrate judge for all purposes. *See* N.D. TEX. SPEC. ORD. NO. 3-350.

The Court has entered judgment reversing and remanding this case for further administrative proceedings.

Plaintiff is therefore entitled to reasonable attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.*

Consistent with the Court's August 31, 2026 order [Dkt. No. 26], Plaintiff filed an unopposed motion for an award of attorneys' fees under the EAJA [Dkt. Nos. 27 & 28].

The motion is granted in part and denied in part as set out below.

**Discussion**

Under the EAJA, the Court must award attorneys' fees and expenses, if

incurred, where: (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).

A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

And any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff is the prevailing party for the EAJA's purposes; the Commissioner has not carried the burden of proving substantial justification, and no special circumstances make an award unjust.

And the fees requested are reasonable considering that they are comprised of an appropriate hourly rate for the work performed and the results achieved, as reflected by counsel's time records [Dkt. No. 28-1] and the CPI calculation [Dkt. No. 28-2] and as confirmed by the Commissioner's agreement to the total amount of fees to be awarded. *Cf. Dieckow v. Saul*, 5:19-CV-796-RBF, 2020 WL 13441547, at *3 (W.D. Tex. July 17, 2020) ("In light of the Commissioner's non-opposition to a cost-of-living adjustment (provided the adjustment is based on the Consumer Price Index's 2019 Annual figure), and Dieckow's non-opposition to a slightly reduced rate, and after due consideration of the prevailing market conditions in San Antonio, Texas, and the general increase in cost of living cited by Dieckow, the Court accepts the

hourly rate requested. The Court further finds that the hours expended on this matter are reasonable.").

And, so, after considering all the relevant factors, the lodestar amount of $6,458.23 in fees is an appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) ("[T]he lodestar method yields a fee that is presumptively sufficient to achieve [the] objective … [of] engag[ing] a lawyer based on the statutory assurance that he will be paid a 'reasonable fee.'" (cleaned up)).

Without opposition, Plaintiff also seeks to recover the $405 filing fee, as costs under the EAJA.

By providing that "a judgment for costs, as enumerated in [28 U.S.C. § 1920] ... ***may*** be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action," 28 U.S.C. § 2412(a)(1) (emphasis added), "[t]he EAJA overrides the presumption in favor of awarding costs to a prevailing party. Instead, the court has discretion whether to tax costs against the United States," *Herman v. Pronto Courier Serv.*, No. 3:95-cv-1340-R, 1999 WL 325493, at *2 (N.D. Tex. May 10, 1999) (citation omitted).

Regardless, the Commissioner does not oppose this request, and the Court finds that the Court should exercise its discretion to grant it, as fees charged by the clerk are recoverable under Section 1920(1).

But the Court will not pay Plaintiff's counsel directly, as requested, and will instead order that the EAJA award payable to Plaintiff via (and mailed to) her

attorney of record. *See Maddox v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-2829-BK, 2024 WL 7051313 (N.D. Tex. May 31, 2024) ("[T]he vast majority of courts in this Circuit which have addressed assignments similar to the one here have directed that the EAJA fee award be made payable to the claimant despite the assignment (and often despite the government's non-opposition to the relief sought)." (collecting cases)).

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs under the Equal Access to Justice Act [Dkt. No. 27] by awarding Plaintiff $6,458.23 in attorneys' fees and $405 in costs under 28 U.S.C. §§ 2412(a)(1), (d), and ordering that the Commissioner make the check payable to Plaintiff but mail that check to Plaintiff's attorney.

SO ORDERED.

DATED: October 5, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE